UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Charlie D. Vick

    v.                                    Civil No. 19-cv-267-SJM-AKJ

United States Marshal Service Deputy Marshal
Brent Moore, Deputy Marshal John Doe 1, and
Deputy Marshal John Doe 2; Bureau of
Alcohol, Tobacco, Firearms, and Explosives
Agent John Doe 3; Donald W. Wyatt Detention Facility
and Central Falls Detention Facility Corporation[1]

**O R D E R**

Plaintiff, Charlie D. Vick, an inmate at the Donald W. Wyatt Detention Facility ("Wyatt"), has filed a complaint (Doc. No. 1) asserting that he was subjected to excessive force incident to his arrest and deliberate indifference to his medical needs while in pretrial detention. The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A.

Standard

The court conducts a preliminary review of prisoner complaints filed in forma pauperis. See 28 U.S.C.

---

[1] Plaintiff has identified the U.S. Marshals Service, the Donald W. Wyatt Detention Facility, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives as defendants. This court has construed the Complaint liberally as intending to name all of the defendants listed in the caption of this Order. The clerk's office is directed to update the docket accordingly.

§§ 1915(e)(2), 1915A.  Pro se complaints are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Claims may be dismissed, sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1).

## Background

Vick alleges that on January 17, 2019, federal officers appeared at the apartment in Everett, Massachusetts, where Vick was staying, with a warrant for Vick's arrest.  Those officers included United States Marshal Service ("USMS") Deputy Marshal Brent Moore; two unnamed USMS Deputy Marshals identified here as Deputy Marshals John Doe 1 and John Doe 2; and an unnamed Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agent, identified here as ATF Agent John Doe 3.  Vick asserts he complied with those officers' orders to put his hands up and get

down on the floor, and that he did not resist arrest. While Vick was on the floor restrained by Deputy Marshal Moore, and while ATF Agent John Doe 3 was watching nearby, Deputy Marshals John Doe 1 and John Doe 2 swore at Vick and kicked him several times in the mouth, neck, back, and ribs, resulting in bruises to Vick's back and side, scratches and cuts on his face and lips, and substantial damage to his teeth, for which he continues to require dental procedures. Vick asserts that the force used in arresting him took a toll on his mental and emotional health and has impacted his ability to connect with his children and family. He continues to suffer mental health problems, including sleep difficulties, anxiety, flashbacks, irritability, aggression, emotional numbness, and depression.

Vick alleges that after his arrest and initial court appearance he was sent to Wyatt for pretrial detention. Upon his arrival at Wyatt, Vick told unspecified corrections officers about the injuries he sustained during his arrest. Vick complained that he was in a lot of pain, and he requested medical attention. Vick alleges that although the Wyatt officers documented his injuries, no one provided him with proper medical attention at Wyatt, even after he grieved the issue, until, he asserts, the court in Vick's criminal case ordered the facility to provide him with medical care.

Vick filed this action naming Wyatt, the USMS, and the ATF

as defendants, and identifying Moore, Deputy Marshals John Doe 1 and John Doe 2, and ATF Agent John Doe 3 as individuals who may be liable for using excessive force incident to his arrest. Vick further asserts that unspecified officers, officials, or health care providers at Wyatt were deliberately indifferent to his serious medical needs relating to his injuries during his pretrial detention, until the court in Vick's criminal case ordered them to provide him with proper treatment.

Discussion

I. Claims

Construed liberally, the Complaint (Doc. No. 1) asserts claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Moore and the John Doe arresting officers for using excessive force during Vick's arrest, in violation of the Fourth Amendment, and claims under 42 U.S.C. § 1983 against unspecified Wyatt health care providers or officers, and/or Wyatt's municipal operator, the Central Falls Detention Facility Corporation ("CFDFC"),[2] for

---

[2] See Lehal v. United States, No. 13cv3923 (DF), 2015 U.S. Dist. LEXIS 173610, at *43, 2015 WL 9592706, at *14 (S.D.N.Y. Dec. 29, 2015) (federal constitutional claims asserted against Wyatt's operator the CFDFC and its employees are properly analyzed under 42 U.S.C. § 1983, rather than under Bivens).

4

deliberate indifference to Vick's injuries. Before this court can complete its preliminary review of Vick's complaint, however, it requires additional information regarding Vick's medical care claims, as explained below.

II. Medical Care Claims

   A. Standard

The Fourteenth Amendment Due Process Clause prohibits conditions of confinement, including inadequate medical care, amounting to pretrial punishment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). A Fourteenth Amendment medical care claim requires a showing of a failure or delay in attending to a "serious medical need." Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 74 (1st Cir. 2016). An inmate alleging that defendants violated his Fourteenth Amendment right to medical care must also plead facts regarding the defendants' state of mind. An inmate may state a claim if he or she pleads facts showing deliberate indifference to a serious medical need. Leite v. Bergeron, 911 F.3d 47, 52–53 (1st Cir. 2018) ("A prison official is deliberately indifferent where she 'knows of and disregards an excessive risk to inmate health or safety.'" (citations omitted)); Zingg v. Groblewski, 907 F.3d 630, 635 (1st Cir. 2018) ("'deliberate indifference'" can be manifested by "'a denial of needed medical treatment in order to punish the inmate,'" or "'wanton' or

5

criminal recklessness in the treatment afforded" (citations omitted)). "'[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.'" Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015) (citation omitted).[3]

B. Unspecified Individuals at Wyatt

Vick has not pleaded any facts regarding any particular health care providers, officials, or officers at Wyatt who knew of Vick's injuries and whose action or inaction resulted in delays in Vick's receipt of medical care for a serious medical need. This court grants Vick thirty days from the date of this Order to file an amended complaint specifically identifying the individuals at Wyatt who he alleges were aware of his injuries and who did not take steps to ensure that Vick received prompt, necessary medical care while in pretrial detention. In that complaint amendment, Vick must state with specificity, to the

---

[3] As the question is not squarely presented, this court does not express any opinion as to whether a pretrial detainee could plead a viable Fourteenth Amendment medical care claim based on facts showing defendants' purposeful, knowing, or reckless disregard of an excessive risk to a serious medical need. See Miranda v. Cty. of Lake, 900 F.3d 335, 354 (7th Cir. 2018). Cf. Estate of Vallina v. Cty. of Teller Sheriff's Office, 757 F. App'x 643, 646 (10th Cir. 2018) (noting Circuit split as to whether Kingsley, 135 S. Ct. at 2472-74, alters the mens rea standard required for detainee medical care claims).

extent he knows, what each such officer or health care provider he intends to name as a defendant knew about Vick's injuries and need for medical care, and what each of those individual defendants did or did not do that delayed Vick's receipt of proper medical care for those injuries.

    C.    Claims against Wyatt and CFDFC

Vick has specifically named Wyatt as a defendant. This court has liberally construed the Complaint as intending to name Wyatt's municipal operator, the CFDFC, as a defendant. A municipal corporation may be held liable under 42 U.S.C. § 1983 if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Assuming without deciding that a Monell claim could be asserted against the CFDFC, this court notes that Vick has not pleaded any facts suggesting that the failure to provide prompt, proper treatment resulted from any CFDFC policy, practice, or custom. The court grants Vick thirty days to file a complaint amendment asserting new, specific facts regarding any policy, practice or custom at Wyatt that resulted in the delay in Vick's receipt of medical care for his injuries while in pretrial detention, for purposes of stating a Fourteenth Amendment Monell claim against CFDFC.

## Conclusion

For the foregoing reasons, the court directs as follows:

1. Vick is granted thirty days from the date of this Order to file an amended complaint, to state a Fourteenth Amendment claim upon which relief can be granted as to the delays in his receipt of necessary medical care for his arrest-related injuries while he was in pretrial confinement at Wyatt, which shall state, with specificity:

> a. The names of particular Wyatt corrections officers, officials, or health care providers who were aware of Vick's injuries, who did not act to ensure he received necessary medical care for his injuries;
>
> b. The facts regarding what those individual officers, officials, or health care providers did or did not do, after becoming aware of Vick's injuries and/or serious medical needs, that resulted in Vick's delayed receipt of medical care for his serious medical needs relating to his injuries; and
>
> c. Whether any particular policy, custom, or practice of Wyatt or its municipal operator, CFDFC, was responsible for the delays in Wyatt's receipt of medical care relating to his injuries.

2. Pending this court's receipt of Vick's response to this Order or the expiration of the time for filing a response,

the court takes the completion of its preliminary review of Vick's claims under advisement.

SO ORDERED.

Andrea K. Johnstone
United States Magistrate Judge

May 30, 2019

cc: Charlie D. Vick, pro se